# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CLEAN AIR ENGINEERING, INC <br> an Illinois corporation, <br><br> Plaintiff, <br><br> v. <br><br> THE CLEAN AIR GROUP, LLC <br> a New Jersey LLC <br><br> Defendant. | Civil Action No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Clean Air Engineering, Inc. ("CleanAir"), for its Complaint against Defendant The Clean Air Group, LLC ("CAG"), states as follows:

## Parties

1. CleanAir is a corporation organized and existing under the laws of the State of Illinois. Its principal place of business is 500 West Wood Street, Palatine, Illinois 60067.

2. On information and belief, CAG is a limited liability company organized and existing under the laws of New Jersey. Its principal place of business is 6 Campus Drive, Parsippany, New Jersey 07054.

## Jurisdiction and Venue

3. This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and for trademark infringement and unfair competition under the common law. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1338 and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the common law claims under 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c). Acts giving rise to the claims asserted herein occurred and are occurring within the Northern District of Illinois, Eastern Division.

**Facts Common to All Counts**

5. Since its founding in 1972, CleanAir has been providing environmental compliance consulting, emission testing, and related services to customers across the United States.

6. In 1975, CleanAir adopted and first used as its trademark CLEANAIR in connection with its technical support services, namely on-site installation, maintenance, monitoring, rental, and repair of emission monitoring equipment. Since at least 2002, CleanAir has also been selling devices for measuring both emissions for air quality compliance, as well as equipment performance and efficiency under the CLEANAIR trademark.

7. As a result of CleanAir's extensive track record across the United States, CleanAir has established extraordinarily valuable goodwill and recognition under its CLEANAIR trademarks (copies of its federal trademark registration Nos. 2,739,705, 2,739,774, 3,847,575, and 3,847,576 are attached as Exhibit A).

8. CleanAir enjoys a valuable reputation and has built substantial goodwill in the trade and with consumers as a provider of environmental compliance consulting, emission testing, and related services. The CLEANAIR mark has come to be recognized and associated by the trade and the consuming public exclusively with the environmental compliance consulting, emission testing, and related services provided by CleanAir.

9. On information and belief, CAG is selling and offering for sale scrubbers and other air pollution control equipment under the "CR CleanAir" trademark.

10. CAG has further applied to register the "CR CLEANAIR" mark.

11. On August 28, 2014, CleanAir, through its attorneys, wrote CAG and demanded that it immediately cease and desist from all use of CLEANAIR mark and withdraw its application for registration of the "CR CLEANAIR" trademark. CAG has failed and refused to comply with CleanAir's demands, and it continues to use the CLEANAIR trademark.

12. CleanAir never authorized, licensed or otherwise condoned CAG's use of the CLEANAIR trademark.

13. The use by CAG of the CLEANAIR trademark in connection with the sale scrubbers and other air pollution control equipment is likely to cause confusion or to cause mistake, or to deceive the consuming public as to the source or origin of the products and services offered by CAG. Consumers are likely to believe that CAG's products and services emanate from, are operated, sponsored, authorized, or approved by, or are in some other way associated with CleanAir.

## COUNT I - TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

14. CleanAir realleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1-13 of its Complaint.

15. CLEANAIR is a distinctive mark, identifying CleanAir as the source of environmental compliance consulting, emission testing, and related services provided under the mark.

16. CAG's use of the CLEANAIR mark as alleged herein is likely to cause confusion, to cause mistake, or to deceive consumers as to the source or origin of CAG's products and services.

17. CAG's use in commerce of the CLEANAIR trademark constitutes infringement of a registered trademark in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a).

18. CAG's continuing acts of infringement of the CLEANAIR trademark are willful and deliberate, and undertaken for the purpose of misleading and confusing consumers.

QB\29849727.1

19. By reason of the acts complained of herein, CAG has made and will continue to make profits to which it is not in equity or in good conscience entitled.

20. By reason of the acts complained of herein, CleanAir is entitled to recover from CAG the damages it has sustained and will sustain as a result of CAG's wrongful acts, and its costs and attorneys' fees pursuant to 15 U.S.C. § 1117.

21. The injury to CleanAir is and continues to be immediate and irreparable. If CAG's acts are allowed to continue, CleanAir will suffer irreparable injury to its goodwill and business reputation for which an award of monetary damages alone cannot fully compensate and for which CleanAir has no adequate remedy at law.

## COUNT II - COMMON LAW TRADEMARK INFRINGEMENT

22. CleanAir realleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1-13 of its Complaint.

23. By reason of the acts complained of herein, CAG has misappropriated for itself the commercial value of the CLEANAIR trademark, and for its own benefit, is unfairly trading on the valuable goodwill, business property and reputation developed by CleanAir and associated with CleanAir's trademark.

24. CAG's continued and unauthorized use of the CLEANAIR trademark is likely to cause confusion or mistake and to deceive the consuming public as to the source or origin of the products and services offered by CAG. Consumers are likely to believe that CAG's products and services have been sponsored, authorized, or approved by or are in some other way associated with CleanAir.

25. CAG's acts constitute trademark infringement in violation of CleanAir's rights under the common law of the State of Illinois.

26. CAG's continued infringement of the CLEANAIR trademark is willful and deliberate, and undertaken for the purpose of misleading and confusing consumers.

27. By reason of the acts complained of herein, CAG has made and will make profits to which it is not in equity or in good conscience entitled.

28. The injury to CleanAir is and continues to be immediate and irreparable. If CAG's acts are allowed to continue, CleanAir will suffer irreparable injury to its goodwill and business reputation for which an award of monetary damages alone cannot fully compensate and for which CleanAir has no adequate remedy at law.

## COUNT III - UNFAIR COMPETITION UNDER THE LANHAM ACT

29. CleanAir realleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1-13 of its Complaint.

30. CAG's continued and unauthorized use of THE CLEANAIR mark is likely to mislead the consuming public and the trade into believing that its products and services, are sponsored, authorized, or approved by, or are in some other way associated with CleanAir.

31. CAG's acts as set forth herein constitute unfair competition, false representation, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. The injury to CleanAir is and continues to be immediate and irreparable. If CAG's acts are allowed to continue, CleanAir will suffer irreparable injury to its goodwill and business reputation for which an award of monetary damages alone cannot fully compensate and for which CleanAir has no adequate remedy at law.

## COUNT IV - COMMON LAW UNFAIR COMPETITION

33. CleanAir realleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1-13 of its Complaint.

34. CAG's continued and unauthorized use of the CLEANAIR trademark suggests association, affiliation, or sponsorship with or approval by CleanAir, so as to cause, or be likely to cause, confusion or mistake, or to deceive consumers as to the origin of CAG's services. Such use constitutes an effort to pass off products and services as originating from or approved by CleanAir, all to the gain of CAG and to the loss of and damage to CleanAir.

35. CAG's acts constitute unfair competition in violation of CleanAir's rights under the common law of the State of Illinois.

36. The injury to CleanAir is and continues to be immediate and irreparable. If CAG's acts are allowed to continue, CleanAir will suffer irreparable injury to its goodwill and business reputation for which an award of monetary damages alone cannot fully compensate and for which CleanAir has no adequate remedy at law.

## **Prayer for Relief**

WHEREFORE, CleanAir prays:

1. That CAG and its officers, directors, agents, representatives, attorneys and all other persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or in participation with CAG, be preliminary and permanently enjoined from:

(a) using CleanAir's CLEANAIR trademark or any marks confusingly similar thereto, or in other way infringing CleanAir's rights in and to the CLEANAIR trademark;

(b) otherwise taking any action likely to cause confusion, mistake, or deception on the part of the public as to the connection, affiliation, or other association of CAG's products and services with CleanAir; and

(c) otherwise unfairly competing with CleanAir.

2. That CAG be required to deliver to CleanAir any and all advertisements, promotional items and the like in its possession or control which might, if used in conjunction with the advertising and promotion of services, violate any injunction granted herein.

3. That CleanAir be granted an award for actual damages and CAG's profits and for the costs of this action with monetary award trebled pursuant to 15 U.S.C. § 1117.

4. That CAG pay CleanAir's costs and disbursements in this action, including its reasonable attorney's fees.

5. That CleanAir be awarded such other and further relief as this Court may deem just and proper.

## Jury Demand

CleanAir hereby demands trial by jury for all issues so triable.

By: */s/ Richard W. Young*

Richard W. Young (ARDC # 6181557)
richard.young@quarles.com
John E. Conour (ARDC #6305651)
john.conour@quarles.com
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654
(312) 715-5000
(312) 715-5155 (fax)

Attorneys for Plaintiff Clean Air Engineering, Inc.

September 16, 2014

QB\29849727.1